IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID W. HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-07-1443-M |
| v. | ) |
| | ) |
| BILL WINCHESTER, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed an original Complaint on December 27, 2007, and an Amended Complaint on January 17, 2008. In his Amended Complaint, Plaintiff states that he is currently incarcerated at the Dick Conner Correctional Facility. He alleges various constitutional deprivations related to his confinement in the Garfield County Jail and his convictions and sentences entered in Garfield County District Court. Plaintiff also alleges constitutional deprivations concerning his incarceration in the custody of the Illinois Department of Corrections. In addition, Plaintiff alleges state tort claims for which he seeks the Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to

screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, ___, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted). A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional

2

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. History

Plaintiff's 47-page, handwritten Amended Complaint sets forth a complicated narrative of events reaching back in time to Plaintiff's pretrial detention in the Garfield County Jail in 2003. Plaintiff alleges that "on or about" June 10, 2003, he was transferred to the custody of Garfield County authorities from the custody of the Illinois Department of Corrections pursuant to an interstate compact agreement for prosecution of state charges pending against him in the District Court of Garfield County.[1] During his detention in the Garfield County Jail, Plaintiff alleges the conditions of his confinement violated his Eighth and Fourteenth Amendment rights because of unsanitary conditions, overcrowding, lack of medical care and recreation, and exposure to the tuberculosis virus. Plaintiff also alleges that during this confinement he was not allowed access to law books or a law library despite his frequent requests. Plaintiff alleges that this detention ended in September 2003 when he entered a guilty plea to the pending charges in Garfield County District Court and was returned to the custody of the Illinois Department of Corrections. Amended Complaint, at 18, 30.

Plaintiff's allegations concerning the duration of his brief detention in the Garfield

---

[1]The Interstate Corrections Compact is an agreement between states, enacted by statute in the participating states, authorizing the transfer of one state's prisoners or parolees to another state.

County Jail are consistent with the public records of the District Court of Garfield County (viewed at www.oscn.net on January 28, 2008) in two cases, State of Oklahoma v. Michael Joe Hunter, Case No. CF-2002-298, and State of Oklahoma v. Michael Joe Hunter, Case No. CF-2002-414, of which the undersigned takes judicial notice.[2] The docket sheets in these criminal cases reflect that Plaintiff entered guilty pleas to the charges pending therein on August 29, 2003, and he was then transported by Garfield County officials to Western Illinois Prison on September 3, 2003.[3]

Plaintiff was incarcerated in the custody of the Illinois Department of Corrections until January 10, 2006, when, according to Plaintiff and the docket sheet in State of Oklahoma v. Michael Joe Hunter, Case No. CF-2002-414, he was returned to the Garfield County Jail by unidentified officials in the Garfield County Sheriff's Department. Amended

---

[2]Plaintiff's known alias is Michael J. Hunter or Michael Joe Hunter. See www.doc.state.ok.us (Offender search for David W. Howell accessed January 28, 2008); www.oscn.net/applications/ocisweb/getpartyrecord.asp?partynamesid=8952012.

[3]Plaintiff's guilty pleas were entered pursuant to a plea agreement. Plaintiff pled guilty in Case No. CF-2002-298 to a charge of Prisoner Placing Body Fluid on Government Employee and a charge of Public Drunk in exchange for a sentence of two years incarceration in the custody of the Oklahoma Department of Corrections and 30 days in the Garfield County Jail, respectively. State of Oklahoma v. Michael Joe Hunter, Case No. CF-2002-298 (docket sheet viewed January 28, 2008, at www.oscn.net). Plaintiff pled guilty in Case No. CF-2002-414 to a charge of Assault and Battery with a Dangerous Weapon in exchange for a sentence of seven years incarceration in the custody of the Oklahoma Department of Corrections. State of Oklahoma v. Michael Joe Hunter, Case No. CF-2002-414 (docket sheet viewed January 28, 2008, at www.oscn.net). The trial court accepted Plaintiff's pleas, sentenced Plaintiff consistent with his plea agreements, and ordered the sentences in these cases to be served concurrently with each other and with the sentence Petitioner was serving in Illinois.

Complaint, at 19. According to Plaintiff, he was transferred to the custody of the Oklahoma Department of Corrections ("DOC") three to four days later to complete service of the sentence rendered against him in Garfield County District Court, Case No. CF-2002-414.

III. Statute of Limitations

A court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(quotations and alterations omitted). In this case, the allegations in the Amended Complaint clearly show that most of Plaintiff's claims for relief are barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply state statutes of limitations for personal injury actions in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). For section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits applies. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).

The limitations period begins to run when the cause of action accrues, and the accrual of an action is determined by federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir .1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (quotation omitted). Because the injury in a § 1983 action is the violation of a constitutional right, "such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id. (quotations omitted). It is the factual basis of a claim, and not its legal

basis, which determines when a civil rights action accrues. In other words, a civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995)(quotation omitted). All but one of Plaintiff's claims challenging the conditions of his confinement and access to the courts during his detention in 2003 in the Garfield County Jail accrued at the latest when he was released from confinement of the jail in October 2003 and transferred to an out-of-state prison.

Thus, to the extent Plaintiff seeks monetary and equitable relief under 42 U.S.C. § 1983 against Defendants Winchester, VonHagel, Garfield County Commissioners, and unidentified jail officials for the allegedly unconstitutional conditions of his confinement, denial of access to a law library or access to courts, and lack of or delay in providing medical care in the Garfield County Jail in 2003, Plaintiff's claims in counts one and two of the Amended Complaint are barred by Oklahoma's two-year statute of limitations and should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). See Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005). Plaintiff's Amended Complaint provides no evidence to support the application of Oklahoma's limited tolling exceptions. See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004).

Only one of Plaintiff's claims in counts one and two of the Amended Complaint has arguably been raised within two years of the accrual of the claim. Plaintiff alleges that Defendants Winchester, VonHagel, and "John/Jane Doe of the Garfield County Jail who placed Mr. Ventura in cell with me after he told them he was T.B. positive" ("Garfield

County Jail Defendants") acted with deliberate indifference to his serious medical needs when Plaintiff was exposed to a detainee who had active, untreated tuberculosis disease.[4] Amended Complaint, at 5. See Helling v. McKinney, 509 U.S. 25, 33 (1993)(exposure of inmates to a "serious, communicable disease" can violated Eighth Amendment even if "the complaining inmate shows no serious current symptoms").

Attached to Plaintiff's original Complaint is a copy of a grievance dated July 18, 2003, in which Plaintiff asserts a number of complaints. Plaintiff states, *inter alia*, that "inmate Ventura my roomate [sic] here on seg[regation] 4-400 states he told staff he may have T.B. Staff put him in my cell. I've filed grievance on 7/14/07. Request on 7/14/03. No responce [sic]. He should be isolated T.B. [is] contageis [sic]." Complaint, att. 1. Plaintiff alleges that he was diagnosed as having contracted the tuberculosis virus after he was transferred to ODOC custody in 2006, although the test showed that the viral infection was inactive. Amended Complaint, at 20-21. Because Plaintiff may have timely filed this § 1983 claim within two years of his discovery of the infection that forms the basis for this claim, this claim is sufficient to state a claim for relief under 42 U.S.C. § 1983 against Defendants Winchester, VonHagel, and the "John/Jane Doe" Garfield County jail official

---

[4]Plaintiff's claim is that he contracted the tuberculosis bacterium from his cellmate Ventura, who must have had untreated, active tuberculosis disease in order to be contagious. http://www3.niaid.nih.gov/topics/tuberculosis/WhatIsTB/TBdefinitions.htm (discussing the difference between non-contagious latent, or inactive, tuberculosis and active tuberculosis disease). See also Forbes .v Edgar, 112 F.3d 262, 265 (7th Cir. 1997)("TB can be active or dormant. A person with dormant TB is not infectious and has no symptoms of the disease."); McRoy v. Sheahan, 188 Fed.Appx. 523, 525, 2006 WL 2053503, *2 (7th Cir. 2006)(unpublished op.)("Someone with latent TB, however, is not infectious....[and] someone with active TB is no longer infectious after receiving treatment"), cert. denied, __ U.S. __, 127 S.Ct. 1842 (2007).

who placed Plaintiff in a cell with detainee Ventura, as well as Defendants Vencl, Hobson, and Savage who are identified as Garfield County Commissioners, for purposes of this preliminary § 1915 review.  See Zeidler v. United States, 601 F.2d 527, 530 (10th Cir. 1979)(accrual rule means "a claim does not accrue until a claimant has had a reasonable opportunity to discover all of the essential elements of a possible cause of action..."); Phillips v. Purdy, 617 F.2d 139, 140-141 (5th Cir. 1980)(reversing dismissal of prisoner's § 1983 action on statute of limitations ground because "[i]f the plaintiff is able to show a satisfactory reason why he did not learn until 1976 that his tuberculosis condition was brought about by his confinement in the Dade County Jail, the period of limitations may not have begun to run until that time").

To the extent Plaintiff seeks damages and equitable relief under 42 U.S.C. § 1983 against Defendants Winchester, VonHagel, Garfield County Commissioners, and unidentified jail officials for his remaining allegations of unconstitutional conditions of his confinement in the Garfield County Jail in 2006, Plaintiff's claim should be dismissed pursuant to 28 U.S.C. § 1915A(b) as the claim is frivolous.  The only allegations in the Amended Complaint with respect to Plaintiff's 2006 confinement in the Garfield County Jail are as follows: "on 1-10-06 Garfield County Sheriff's Deputy picked me up and took me to [Garfield County Jail...Once again, same story at [Garfield County Jail]. No sick-call, no T.B. test, no law books, and was told waiting for bed space at [Lexington Assessment and Reception Center] would take months....App[roximately] 3-4 days later I was transffered [sic] to [Oklahoma Department of Corrections at Lexington Assessment and Reception

Center." Amended Complaint, at 19-20. In a later paragraph, Plaintiff alleges that "[u]pon return to [Garfield County Jail] ...no T.B. test, no sick-call, no law-books, no attorney, locked down 23 hrs a day." Amended Complaint, at 27. Plaintiff's allegations with respect to this brief detention in the Garfield County Jail are vague and conclusory, and the allegations fail to allege sufficient facts to state a claim for relief under 42 U.S.C. § 1983. See Farmer v. Brennan, 511 U.S. 825, 838 (1994)(Eighth Amendment does not "allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions").

Accordingly, all of Plaintiff's claims in counts one and two of the Amended Complaint against Defendants Winchester, VonHagel, Vencl, Hobson, Savage, and unidentified jail officials should be dismissed pursuant to 28 U.S.C. § 1915A(b) except for his claim for damages and equitable relief in count one against Defendants Winchester, VonHagel, Vencl, Hobson, Savage, and the unidentified ""John/Jane Doe" Garfield County jail official for deliberate indifference to his serious medical needs with respect to his alleged exposure to an inmate with active tuberculosis disease at the Grady County Jail in 2003.

IV. In Personam Jurisdiction

In counts four and five of his Amended Complaint, Plaintiff seeks monetary and equitable relief under 42 U.S.C. § 1983 against eight Defendants Plaintiff identifies as Illinois state officials working and presumably residing in Illinois ("Illinois Defendants"). As to these Illinois Defendants, Plaintiff has failed to state a claim for relief because he has not shown the requisite minimum contacts for the exercise of *in personam* jurisdiction over

the Illinois Defendants. See Trujillo v. Williams, 465 F.3d 1210, 1219 (10th Cir. 2006)(transfer of prisoner pursuant to Interstate Corrections Compact does not support the exercise of specific personal jurisdiction over out-of-state prison officials). Accordingly, Defendants "Jane Doe ... Warden at Vienna C.C. Illinois," Daly, "Jane/John Doe Meijer," "John Doe Records Dept. Supervisor/ B of I AT Logan C.C. Illinois," "John Doe Records Dept, B of I Supervisor at Western Il. C.C.," Huntly, Richards, and Walker should be dismissed from this action with prejudice pursuant to 28 U.S.C. § 1915A(b).

V. Absolute Immunity

In count three of Plaintiff's Amended Complaint, Plaintiff asserts that he is entitled to damages and equitable relief because Defendants Stocker and Garfield County Court Clerk Melrose and Deputy Court Clerk Robertson were "neglegent [sic] in records keeping as records don't show a detainer or warrant and there was one, out of sheriff's dept." Amended Complaint, at 37. In count five, Plaintiff asserts that the "Garfield Co. D.A. and Court Clerk" should be liable to him for "torts of negligence ... for same reasons as mentioned in Count IV." It is not clear whether Plaintiff is seeking relief in this claim under 42 U.S.C. § 1983 or state tort laws. To the extent Plaintiff is seeking relief against these three officials under 42 U.S.C. § 1983, the actions as alleged by Plaintiff of the court clerk officials were clearly taken within their official duties, and for such actions Defendants Melrose and Robertson are entitled to absolute immunity. See Trackwell v. U.S. Government, 472 F.3d 1242, 1247 (10th Cir. 2007)(when a court clerk "assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative [absolute

judicial] immunity"); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989)(holding filing of complaints and other documents is "integral part of the judicial process" and deputy court clerk was protected by judicial immunity from damages for civil rights violations committed in connection with performance of such tasks).

It is well settled that prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Nothing in Plaintiff's Amended Complaint indicates that Defendant Stocker took any actions other than those actions undertaken as part of her official prosecutorial responsibilities. Thus, Defendant Stocker is entitled to absolute prosecutorial immunity. Accordingly, Plaintiff's claims against Defendants Stocker, Melrose, and Robertson in counts three and five of the Amended Complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity.

Plaintiff has alleged an additional claim in count three of negligence against Defendants Winchester and VonHagel "in allowin [sic] for [sic] mentioned jail conditions to continue for a long period of time and for not allowing inmates to access Okla. statutes." In Count Three, Plaintiff further alleges that Defendants Winchester and VonHagel were negligent "in that jail had no isolation cell for people with air born [sic] disease, no screening process, no proto-cals [sic], for medical emergency, no screening for trustees who prepaired

11

[sic] food either." Assuming that Plaintiff is seeking supplemental jurisdiction over this claim for damages for negligence under state tort laws, Plaintiff's claim is without merit as the Oklahoma Government Tort Claims Act, Okla. Stat. tit. 51, § 155(24) excludes liability for "operation or maintenance of any prison, jail or correctional facility." Accordingly, Plaintiff's supplemental state tort claims against Defendants Winchester and VonHagel should be dismissed with prejudice.

## VI. Plea Agreement

In his Amended Complaint, Plaintiff appears to be seeking damages and equitable relief based on his allegation that the plea agreement he entered with prosecutors in the Garfield County criminal matters was breached and/or that his guilty plea was not knowingly and voluntarily entered. Plaintiff alleges he was "not guilty" of the assault charge but was "so stressed and depressed [he] thought about suicide" that he sought to enter a guilty plea, that he "wasn't aware Okla. law doesn't mandate time to serve on a sentence like Illinois law," and that he was "lied to bye [sic] county." Amended Complaint, at 16, 17, 18, 20. As one of his demands for monetary relief, Plaintiff requests a monetary damage award to compensate for "2 years of my freedom I could be working as a free man." Amended Complaint, at 43-44.

When a state prisoner seeks damages or declaratory relief in a § 1983 action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already

been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994)(damages). See Edwards v. Balisok, 520 U.S. 641, 648 (1997)(declaratory relief). Thus, to the extent Plaintiff seeks damages and equitable relief concerning his allegedly invalid guilty plea or sentence entered in the Garfield County District Court criminal proceedings, Plaintiff has not shown that the convictions and sentences have been invalidated. Plaintiff's claims are therefore barred by Heck and should be dismissed without prejudice on this basis.

Because these claims are, in essence, claims challenging the validity of his Garfield County convictions and sentences, Plaintiff's sole remedy for the claims is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)(reiterating prior holdings that prisoner in state custody cannot use § 1983 action to challenge fact or duration of his confinement; "he must seek federal habeas corpus relief (or appropriate state relief) instead"). The undersigned hesitates to construe the Amended Complaint to assert any claim for habeas relief because such a construction could effectively prevent Plaintiff from raising other claims challenging his Garfield County convictions and sentences. Moreover, there is nothing in the record of this action showing that Plaintiff has exhausted state court remedies concerning these claims. Accordingly, the undersigned declines to construe the Amended Complaint as alternatively seeking federal habeas relief concerning his Garfield County convictions pursuant to 28 U.S.C. § 2254. Should Plaintiff seek to construe his Amended Complaint as a 28 U.S.C. § 2254 petition for a writ of habeas relief, Plaintiff is advised that such a petition must, of course, satisfy other statutory requirements to invoke the Court's federal habeas jurisdiction, including exhaustion of state

court remedies and timeliness requirements.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that all of Plaintiff's 42 U.S.C. § 1983 claims in counts one and two of the Amended Complaint against Defendants Winchester, VonHagel, Vencl, Hobson, Savage, and "John Doe" or "John/Jane Doe" Garfield County jail officials be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) except for Plaintiff's claim in count one against these Defendants for deliberate indifference to Plaintiff's serious medical needs due to Plaintiff's exposure to a detainee with active, untreated tuberculosis disease, the only remaining claim in this matter. Further, it is recommended that all of Plaintiff's claims under 42 U.S.C. § 1983 in counts three and five against Defendants Stocker, Robertson, and Melrose be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the grounds of immunity. It is recommended that Plaintiff's claims against Defendants Winchester and VonHagel in count three for damages for negligence be dismissed with prejudice and that Plaintiff's claims in counts four and five against Defendants "Jane Doe ... Warden at Vienna C.C. Illinois," Daly, "Jane/John Doe Meijer," "John Doe Records Dept. Supervisor/B of I at Logan C.C. Illinois," "John Doe Records Dept., B of I Supervisor at Western Il. C.C.," Huntley, Richards, and Walker be dismissed with prejudice for lack of *in personam* jurisdiction. Finally, it is recommended that Plaintiff's 42 U.S.C. § 1983 claims seeking damages for his allegedly unconstitutional convictions and sentences entered in Garfield County District Court be dismissed without

prejudice as the claims are barred by Heck, supra.

Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 6th, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   15th   day of   February  , 2008.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE