IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID W. HOWELL, )<br>       Plaintiff, )<br>)<br>)     CIV-07-1443-M<br>v. )<br>)<br>BILL WINCHESTER, et al., )<br>)<br>       Defendants. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 13, 2008, United States District Judge Miles-LaGrange entered an Order dismissing all of Plaintiff's claims set forth in the Plaintiff's Complaint filed in this 42 U.S.C. § 1983 action except for one claim against Defendants for deliberate indifference to Plaintiff's serious medical needs. (Doc. # 18). Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), District Judge Miles-LaGrange referred the matter to the undersigned Magistrate Judge for preliminary proceedings. On March 14, 2008, the undersigned entered an Order directing Plaintiff to complete and submit the necessary service papers to the Clerk of the Court for processing and issuance. Plaintiff was ordered to provide the necessary service papers to the Clerk of the Court on or before April 3, 2008. (Doc. # 19). To this date, Plaintiff has not complied with the Order Requiring Special Report entered March 14, 2008, or sought an extension of time to comply.

In an Order entered July 17, 2008, the undersigned found that Plaintiff had not

submitted the necessary service papers to be issued as to Defendants and that Plaintiff had failed to serve the Defendants as required by Fed. R. Civ. P. 4(m). Consequently, Plaintiff was notified of the undersigned's intention to recommend the dismissal of this action without prejudice unless Plaintiff showed good cause for his failure to serve the Defendants by August 6, 2008. (Doc. # 20).

Rule 4(m) states, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). To this date, Plaintiff has not responded to the show cause order, and the time for filing a response has expired. Consequently, Plaintiff has not shown good cause for a mandatory extension of time to serve the Defendants.

Notwithstanding the absence of a showing of good cause for the failure to timely serve Defendants, the Court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are relevant to this inquiry: (1) the statute of limitations; (2) possible complications involving service on the United States; and (3) evasion of service. Id. at 842.

The statute of limitations for purposes of § 1983 actions begins to run when the cause of action accrues according to federal law. Smith v. City of Enid ex rel. Enid City Comm'n,

2

149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). In a § 1983 action, the injury is the constitutional violation, and hence the § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith, 149 F.3d at 1154 (quotation omitted).

The statute of limitations governing Plaintiff's §1983 cause of action is two years. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir.1988) (statute of limitation for §1983 claims arising in Oklahoma is two years). In Plaintiff's Amended Complaint, he alleges, *inter alia*, that "on or about" June 10, 2003, he was transferred to the custody of Garfield County authorities from the custody of the Illinois Department of Corrections pursuant to an interstate compact agreement for prosecution of state charges pending against him in the District Court of Garfield County. During his ensuing detention in the Garfield County Jail, Plaintiff alleges the conditions of his confinement violated his Eighth and Fourteenth Amendment rights due, among other things, to his exposure to the tuberculosis virus. In the Report and Recommendation entered by the undersigned herein on February 15, 2008, the undersigned found that this claim asserted in the Amended Complaint has arguably been raised within two years of the accrual of the claim based on the presumptive truthfulness of Plaintiff's allegation that he was diagnosed as having contracted the tuberculosis virus in 2006.

In the absence of clear Oklahoma authority to the contrary, Plaintiff's incarceration

is not a circumstance that tolls the running of the limitations period under Oklahoma law. See Ames v. Oklahoma, 158 Fed.Appx. 114, 2005 WL 3307433 (10th Cir. 2005)(unpublished op.)(there is no Oklahoma authority for equitable tolling of limitations period for incarceration); Miskovsky v. Gray, 109 Fed.Appx. 245, 2004 WL 1909462 (10th Cir. 2004)(unpublished op.)(same); Dubuc v. Oklahoma, No. 02-7143, 2003 WL 21235490 (10th Cir. May 29, 2003)(unpublished op.)(recognizing no tolling provision in Oklahoma applies to inmate's §1983 action), cert. denied, 540 U.S. 1054 (2003).  See also State ex rel. Lane v. Seven Hundred Twenty Five Dollars ($725.00), 136 P.3d 1076, 1080 (Okla. Civ. App. 2006)(declining to extend "legal disability"provision of state law to prisoners to toll limitations periods).  Consequently, if the cause of action against the Defendants is dismissed without prejudice for failure to effect service of process upon Defendants, another cause of action based on the same allegations could possibly be barred by the applicable statute of limitations.

This factor, however, does not alone support a finding of good cause for a failure to effect timely service of process. See May v. Oklahoma Dep't of Corrections, No. 99-6267, 2000 WL 633244 (10th Cir. May 17, 2000)(unpublished op.)(citing Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir.1994)).  In the more than seven months that this case has been pending, Plaintiff has taken no steps to effect service of process by submitting the necessary service papers to the Court Clerk for issuance of process upon Defendants.  In this case, there are no complicated procedures associated with service upon the United States, and there is no indication of evasion of service by any Defendant.  Under

these circumstances, a permissive extension of time to effect service of process upon the Defendants is not warranted.

The 120-day time period[1] for effecting service of process upon Defendants pursuant to Fed. R. Civ. P. 4(m) has expired, and Plaintiff has not shown good cause for his failure to effect timely service of process on Defendants.  Moreover, there are no circumstances justifying a permissive extension of time to effect service of process on Defendants. Therefore, the cause of action should be dismissed without prejudice for failure to effect timely service of process on Defendants.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendants be DISMISSED WITHOUT PREJUDICE for failure to effect timely service of process under Fed. R. Civ. P. 4(m).  Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by    September 2nd   , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

---

[1] The 120-day time period in this case ran from the date on which the Order Requiring Special Report was entered, rather than the date on which the original Complaint was filed. See Order Requiring Special Report (Doc. # 19), fn. 1.

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____12th____ day of ____August____, 2008.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE